# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**KEVIN GUMP,**
**Claimant Below, Petitioner**

**FILED**
September 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1588** (BOR Appeal No. 2045942)
                      (Claim No. 2011010199)

**GRAHAM-SIMON PLUMBING COMPANY, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Kevin Gump, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Graham-Simon Plumbing Company, LLC, by Lisa W. Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 26, 2011, in which the Board reversed an April 6, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's November 12, 2010, Order denying the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 11, 2010, Mr. Gump was working as a plumber for Graham-Simon Plumbing Company, LLC when he experienced left hip pain that radiated into his left leg. On August 15, 2010, at United Hospital Center, Mr. Gump was diagnosed with pain related to sciatica on the left side. On his application for benefits, Mr. Gump stated "not sure" in response to the question of how the accident happened. Dr. Anna Scott, who signed the application for benefits, indicated that Mr. Gump's injury was a non-occupational injury. The claims administrator denied compensability for the claim.

The Office of Judges reversed the claims administrator's Order and held the claim compensable. The Office of Judges found that the evidence showed that more likely than not,

Mr. Gump experienced a compensable injury on August 11, 2010. The Office of Judges stated that during the course of litigation further evidence had been produced to establish by a preponderance of the evidence that Mr. Gump's claim was compensable. The Office of Judges found that Mr. Gump's sworn testimony regarding his injury of August 11, 2010, outweighed the seven year old complaints of a similar nature in the three earlier compensable claims.

The Board of Review reversed the Office of Judges Order and reinstated the claims administrator's Order of November 12, 2010. The Board of Review found the Office of Judges' final Order's analysis and conclusions were clearly wrong in view of the reliable, probative and substantial evidence on the whole record. The Board of Review noted that Mr. Gump signed an application for benefits after writing "not sure" in response to questions about how the injury occurred. Dr. Scott completed the physician's portion of the claim application where he indicated a non-occupational condition of the hip related to sciatica, listed the type of injury as nerve pain, and found that there was no indication on the claim of an aggravation of a prior injury. The Board of Review further noted that no isolated fortuitous event is noted in the medical records on the date of the alleged injury and that Mr. Gump previously had sciatica pain. The Board of Review found that the preponderance of the evidence did not establish that Mr. Gump sustained an injury in the course of and resulting from his employment. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 10, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II